MEMORANDUM **
Ronald Dwane Brook appeals pro se a judgment entered after a four-day jury trial in his civil rights action alleging prison officials were deliberately indifferent to his medical needs. We affirm.
DISCUSSION
1. Dismissal of State Law Claim
The district court properly dismissed Brook’s claim that prison officials violated California Civil Code § 52.1. That statute provides for a civil action against any individual who “interferes by threats, intimidation, or coercion” with “rights secured by the Constitution or laws of the United States.” See Nelson v. City of Irvine, 143 F.3d 1196, 1206 (9th Cir.1998) (quoting § 52.1). The acts alleged — that defendants did not respond timely to Brook’s requests, grievances and appeals — are not “threats, intimidation, or coercion” for purposes of § 52.1.
2. Dismissal of the Warden in his Individual Capacity
Brook’s conclusory allegations against the warden are insufficient to state a constitutional claim against him in his individual capacity. There is nothing to indicate the warden was personally involved in processing requests for medical care or responding to inmate grievances or appeals. See Bressi v. Ford, 575 F.3d 891, 899 n. 8 (9th Cir.2009) (noting “state actor must be personally involved to some extent in the deprivation of a federal right”). Moreover, supervisory liability may be imposed in an individual capacity only when the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them. Corales v. Bennett, 567 F.3d 554, 570 (9th Cir.2009).
3. Discovery Rulings
The district court properly denied Brook’s motion to compel discovery of “[a]ny and all grievances, complaints, *186 or other documents received by the defendants ... concerning mistreatment of inmates.” The request was overbroad, immaterial to Brook’s particular circumstances, and overly burdensome to defendants. See Nugget Hydroelectric, L.P. v. Pacific Gas and Elec. Co., 981 F.2d 429, 438-39 (9th Cir.1992) (noting court is not required to compel disclosure that is “unnecessarily burdensome and overly broad” with minimal chance of relevant evidence).
4. Witnesses
The district court did not abuse its discretion by limiting Brook’s right to confer with inmate witnesses, call those witnesses, or solicit testimony regarding their complaints with prison officials. See Lutz v. Glendale Union High Sch., 403 F.3d 1061, 1071 (9th Cir.2005) (holding there was no abuse of discretion in limiting the number of witnesses or the subject-matter of their testimony); see also Geders v. United States, 425 U.S. 80, 86-87, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976) (noting trial judge has discretion to limit cumulative, repetitive, or irrelevant testimony, control the scope of examination of witnesses, and limit rebuttal testimony).
5. Jury Instruction
The district court did not abuse its discretion by refusing to give a “negligence-per-se” jury instruction. See Millenkamp v. Davisco Foods Int'l, Inc., 562 F.3d 971, 981-82 (9th Cir.2009) (noting standard of review). As the district court explained, Brook pleaded a common law negligence theory and “no strict liability claim or cause of action ... was ever introduced in this case.”
6. Ex Parte Communications
Brook claims his due process rights were violated by the court’s ex parte discussions with defense counsel. See Guenther v. Commissioner, 889 F.2d 882, 884 (9th Cir.1989) (noting ex parte contact may violate a litigant’s right to due process if the litigant was thereby denied the “opportunity to participate in determination of the relevant issues” and suffered unfair prejudice). The district court, however, categorically denied any “such substantive ex parte discussion with defense counsel in this case — on or off the record.” The court surmised there may have been “a couple of times during the trial when plaintiff was brought to the courtroom late because of custodial logistics” and there may have been “non-substantive, off-the-record banter with those present in court at that time while awaiting plaintiff.” We agree with the district court that such minor, casual communication does not amount to an impermissible ex parte contact.
7. Perjured Testimony
Brook sought a new trial based on his allegation that one defendant either testified falsely or manufactured falsified evidence regarding a telephone log of inmates’ requests for dental care, the existence of which had been denied during discovery. See Jones v. Aero/Chem Corp., 921 F.2d 875, 878-79 (9th Cir.1990) (noting new trial may be appropriate if the party proves by clear and convincing evidence that the verdict was obtained through discovery misconduct that prevented the party from fully and fairly presenting its case). The trial court, however, examined the records at issue and correctly concluded they were consistent with the testimony and there was no discovery violation.
8. Appointment of Counsel
The district court properly denied Brook’s repeated requests for appointment *187 of counsel. There were no “exceptional circumstances” to justify such an appointment. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir.2009) (explaining requirement of exceptional circumstances).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.