**NOT FOR PUBLICATION**

OCT 13 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EARL FELTON CRAGO, Jr., | No. 10-16531 |
| Plaintiff - Appellant, | D.C. No. 4:08-cv-00355-FRZ |
| v. | |
| DORA B. SCHRIRO, Director of the ADC at ADC Central Office; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted September 27, 2011[**]

Before:    HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

Earl Felton Crago, Jr., an Arizona state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

defendants violated his Eighth Amendment rights by exposing him to unsafe levels

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of environmental tobacco smoke ("ETS"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, and may affirm on any basis supported by the record. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). We affirm.

Summary judgment was proper because Crago failed to raise a genuine dispute of material fact as to whether defendants disregarded an excessive risk to his health when they instituted and enforced a smoking policy that attempted to limit inmate exposure to ETS. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety).

The district court did not abuse its discretion by denying Crago's motion for appointment of counsel because Crago failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

Crago's remaining contentions are unpersuasive.

**AFFIRMED.**