**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAROLD B. SHAMBURGER, | No. 11-15019 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-02189-JSW |
| v. | |
| SUE RISENHOOVER, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted February 21, 2012[**]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

California state prisoner Harold B. Shamburger appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and may affirm on any ground supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment because Shamburger failed to raise a genuine dispute of material fact as to whether Nurse Risenhoover knowingly failed to refer Shamburger to a doctor for, or otherwise treat, his back pain and related symptoms. *See id.* at 1057 (prison officials act with deliberate indifference only if they know of and consciously disregard an excessive risk to an inmate's health). Shamburger's disagreement with defendant's chosen course of treatment is not sufficient to constitute deliberate indifference. *See id.* at 1058.

Denial of Shamburger's motion for appointment of a medical expert was not an abuse of discretion because he failed to establish that his sole claim against one defendant involved scientific evidence or complex issues. *See* Fed. R. Evid. 706.

The district court did not abuse its discretion in denying Shamburger's motion for appointment of counsel because he failed to establish exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement).

Shamburger's remaining contentions are unpersuasive.

**AFFIRMED.**