**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD S. WINNOP,

        Plaintiff - Appellant,

  v.

DESCHUTES COUNTY; et al.,

        Defendants - Appellees.

No. 10-36058

D.C. No. 3:09-cv-01321-KI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Submitted February 21, 2012[**]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

    Oregon state prisoner Richard S. Winnop appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging Eighth

Amendment violations in connection with a fall he sustained while in custody.  We

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  We may affirm on any ground supported by the record.  *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008).  We affirm.

Dismissal of Winnop's claim against Deschutes County was proper because Winnop failed to allege that his constitutional rights were violated pursuant to a policy, practice, or custom of the County.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Dismissal of Winnop's claim against Sheriff Blanton was proper because Winnop failed to allege facts demonstrating that Sheriff Blanton knew of but disregarded an excessive risk to his safety.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (person can be liable for deliberate indifference only if he "knows of and disregards an excessive risk to inmate health or safety"); *Ortez v. Wash. Cnty., State of Or.*, 88 F.3d 804, 809 (9th Cir. 1996) (dismissal of claims proper where plaintiff failed to allege "specific facts linking each defendant to a § 1983 violation"); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.").

The district court did not abuse its discretion in denying Winnop's motion for appointment of counsel because Winnop failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

The district court did not abuse its discretion in denying Winnop leave to file a second amended complaint because the proposed amendment would have been futile. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (reviewing for an abuse of discretion and stating that "[a] district court does not err in denying leave to amend where the amendment would be futile").

Winnop's remaining contentions are unpersuasive.

Winnop's motion titled "Judicial Notice Pursuant to Federal Rules of Evidence 201," filed on December 16, 2010, is denied as unnecessary.

**AFFIRMED.**