**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAMON MURILLO, | No. 11-16874 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00584-JSW |
| v. | |
| CHARLES LEE DUDLEY, M.D.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Ramon Murillo, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants

violated his Eighth and Fourteenth Amendment rights by circumcising him without

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his consent.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Murillo's deliberate indifference claim because Murillo failed to raise a genuine dispute of material fact as to whether defendants knew or had reason to know that Murillo did not consent to the circumcision.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (standard for evaluating a claim of deliberate indifference); *see also Toguchi*, 391 F.3d at 1060 (medical malpractice or negligence is insufficient to establish deliberate indifference under the Eighth Amendment).

The district court properly granted summary judgment on Murillo's excessive force claim because Murillo failed to raise a genuine dispute of material fact as to whether the circumcision was performed maliciously and sadistically to cause harm.  *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (standard for evaluating a claim of excessive force).

The district court properly dismissed Murillo's Fourteenth Amendment claim that he was circumcised without his consent as barred by the doctrine of res judicata based on the judgment in his previous state court action.  *See Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (providing the standard for claim preclusion under California law); *Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1143

(9th Cir. 2004) (a federal court relies on "the preclusion law of the state court that rendered the earlier judgment or judgments to determine whether subsequent federal litigation is precluded").

The district court did not abuse its discretion by denying Murillo's motion to appoint counsel because Murillo failed to show exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

Murillo's contentions concerning the district court's sua sponte grant of summary judgment and his preservation of federal jurisdiction are unpersuasive.

We grant Murillo's motion to file a substitute reply brief, and we instruct the Clerk to file the reply brief submitted on October 5, 2012.

**AFFIRMED.**