**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

WILL MOSES PALMER,
                    *Plaintiff-Appellant,*

v.

M. VALDEZ; N. WALKER, Sergeant;
R. LEBEDEFF; S. HENLEY; B. GIBBS;
G. R. SALAZAR,
                    *Defendants-Appellees.*

No. 06-15458

D.C. No.
CV-03-04213-SI

OPINION

Appeal from the United States District Court
for the Northern District of California
Susan Yvonne Illston, District Judge, Presiding

Argued and Submitted
August 11, 2008—San Francisco, California

Filed March 24, 2009

Before: Eugene E. Siler, Jr.,* M. Margaret McKeown and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Callahan;
Partial Concurrence and Partial Dissent by Judge McKeown

---

*The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

## COUNSEL

Michelle Friedland (argued) and Martin D. Bern of Munger, Tolles & Olson, LLP of San Francisco, California for the plaintiff-appellant.

Julianne Mossler, Deputy Attorney General (argued), Edmund G. Brown, Jr., Attorney General, David S. Chaney, Chief Assistant Attorney General, Frances T. Grunder, Senior Assistant Attorney General, and Michael W. Jorgenson, Supervising Deputy Attorney General of San Francisco, California for the defendants-appellees.

## OPINION

CALLAHAN, Circuit Judge:

William Palmer, a California state prisoner, appeals from the district court's judgment in favor of prison officials in his pro se 42 U.S.C. § 1983 action alleging violations of the Eighth Amendment. Following a bench trial, Palmer argues

that the district court erred by (1) imposing an unconstitutional condition on Palmer's waiver of his right to trial by jury, and (2) denying Palmer's request for the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. We affirm the district court's decision.

I

On September 16, 2003, Palmer filed a complaint under 42 U.S.C. § 1983, alleging that six prison officials violated his Eighth Amendment rights by using excessive force on two separate occasions. Proceeding pro se, Palmer properly requested trial by jury.

As the case proceeded, Palmer made three motions for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). On August 23, 2004, Palmer argued that counsel was warranted because he lacked the ability to conduct necessary discovery while incarcerated. On January 4, 2005, Palmer argued he had recently incurred an injury that caused him severe pain while sitting thus making it difficult to draft and review necessary documents to effectively litigate his claim. On December 5, 2005, Palmer argued that counsel was necessary because he had been denied access to his legal documents for three months as a result of prison officials' actions and because he was suffering debilitating pain from an unsuccessful surgery that made it difficult to draft and review documents. The district court denied each motion.

A month later, on January 12, 2006, the court issued an order setting the pre-trial conference date for February 6, 2006, and a trial date of February 7, 2006. In the court order, the court noted that subpoena forms for four non-inmate witnesses had been sent to Palmer. Palmer's criminal investigator, whom Palmer asked to serve additional copies of these four subpoenas, was present when the trial date was announced. Later in open court, the pre-trial conference was

moved to January 30, 2006, and the trial date was set for January 31, 2006. In addition to the four non-inmate witnesses, on January 18, 2006, the court received and issued Palmer's writs of habeas corpus *ad testificandum* for inmates Halbert and Singleton.

Palmer received the subpoena forms, completed them, and returned them to the court in time for them to be issued on January 26, 2006. Palmer received the issued subpoenas on January 30, 2006, during pre-trial conference, and stated that he intended to have them served before trial the next day.[1]

On January 24, 2006, Palmer mailed a motion requesting that thirteen witnesses be permitted to testify by telephone; the motion was filed by the district court on January 30, 2006.[2] Palmer alleged that he had been denied the privilege of using the phone while incarcerated, and had not been able to secure loans from friends to cover the costs of serving subpoenas.

One of Palmer's witnesses, Singleton, had verbally refused the January 18, 2006 court order to appear voluntarily. The court offered to have Singleton extracted from his cell and brought to court to testify, but Palmer had declined to have Singleton compelled to testify in person.

At the pre-trial conference, held on January 30, 2006, Palmer again moved for Singleton, who Palmer thought was a "very important" witness, to testify telephonically. The court declined the request noting that the jury would have a right to see the witness and that the courtroom did not "have the high-tech video screens and that kind of thing." Defendants' counsel inquired whether Palmer would want to waive the jury. The court stated that it did not want to put any pres-

---

[1]On appeal, Palmer does not challenge the timing of the court's mailing of the subpoenas.

[2]Palmer requested telephonic testimony for thirteen witnesses. Ultimately six of the witnesses testified during the bench trial.

sure on Palmer and Palmer indicated that he was not inclined to waive the jury. Accordingly, the court did not change the date for the jury trial, which was scheduled to begin the next day.

At the beginning of trial on January 31, 2006, Palmer recognized that most of his witnesses were not present and made a motion to continue. Palmer asserted that his witnesses had been confused over the date of the trial. The defendants objected to a continuance. The district court denied Palmer's motion noting that the defendants and all of defendants' witnesses were present and that Palmer's witnesses were unavailable due to his failure to serve the subpoenas, as opposed to confusion over the trial date.

Palmer then requested that his witnesses be permitted to testify by telephone. He stated: "You gave me another alternative yesterday, I guess, in the event that some of these witnesses wouldn't be here. That would be to have a judge trial where you can — we can use the telephonic method." He continued: "[this] means like present my witnesses through the telephone. So if they're not going to be here personally, I would like to at least have a judge trial where we can do that — the witnesses on the stand by phone, whatever." The court asked Palmer if he wanted to waive a jury, and Palmer responded that he did if his witnesses could testify by telephone. The defendants agreed to waive trial by jury, and the dialogue concluded with the following exchange:

> **THE COURT:** All right. Well, [the defendants] are willing to [waive trial by jury.] Is that what you want to do?

> **MR. PALMER:** I don't really have a choice, your honor. Yes.

> **THE COURT:** You do have a choice. You can go forward with the jury trial right now if you want, or you can waive it. I don't care. It's up to you.

**MR. PALMER**: I'll waive it.

The district court then held a three-day bench trial at which fifteen witnesses testified. Palmer made no objection to the bench trial either during or after the trial. At the conclusion of the trial, the district judge entered findings of fact and conclusions of law and ruled that Palmer take nothing on his complaint. Palmer filed a timely notice of appeal to this court.

## II

**[1]** On appeal, Palmer challenges the loss of his right to jury trial. "The right to a jury trial is a question of law reviewed de novo." *Kulas v. Flores*, 255 F.3d 780, 783 (9th Cir. 2001). The Seventh Amendment guarantees the right to a jury trial "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. Am. VII. Like other constitutional rights, the right to a jury trial in civil suits can be waived. *See United States v. Moore*, 340 U.S. 616, 621 (1951); *Kulas*, 255 F.3d at 784. A valid waiver in a civil trial "must be made knowingly and voluntarily based on the facts of the case." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir. 2007); *accord Nat'l Equip. Rental, Ltd. v. Hendrix*, 565 F.2d 255, 258 (2d Cir. 1977). Furthermore, any party's "knowing participation in a bench trial without objection is sufficient to constitute a jury waiver." *White v. McGinnis*, 903 F.2d 699, 703 (9th Cir. 1990) (en banc).

**[2]** Palmer contends that the district court imposed an unconstitutional condition by allowing telephonic testimony only before a bench trial. We disagree. The record shows that the bench trial was a strategic choice by Palmer arising out of a dilemma of his own making. Leading up to the trial, Palmer had rebuffed the court's offer to have his key witness extracted from his prison cell after the witness refused to voluntarily appear. Moreover, on the eve of trial, Palmer realized that he had failed to ensure the presence of a number of his

witnesses. He then renewed his request to be allowed to present telephonic testimony. Federal Rule of Civil Procedure 43 provides that a court may, in its discretion, allow the telephonic transmission of testimony "[f]or good cause in compelling circumstances and with appropriate safeguards."[3] The district court denied the motion. Palmer agrees that it was within the district court's discretion to deny the motion and we find that the court did not abuse its discretion in doing so. *See* Fed. R Civ. P. 43(a) Advisory Committee Notes addressing 1996 amendments.[4]

---

[3]Fed. R. Civ. P. 43(a) provides:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

[4]The Advisory Committee Notes to the 1996 Amendments contain the following advice:

> Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances. The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.
>
> . . .
>
> The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place.
>
> . . .
>
> A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances.

**[3]** The following day, as trial was set to commence, Palmer realized that whatever efforts he had belatedly made to secure his witnesses had not produced their appearance. Facing the prospect of having to prove his case to a jury without his witnesses, Palmer seized on a suggestion that had been made the day before and stated that he would waive his right to a jury trial if he could present his witnesses by telephone. Palmer did not request that he be allowed to present telephonic testimony to the jury. The district court determined that the defendants would agree to waive their right to a jury trial and questioned Palmer to make sure he understood his request.[5] It then granted Palmer's request and a bench trial ensued. At no time following the district court's grant of his request to present telephonic testimony in a bench trial did Palmer advise the district court that he thought that he had been improperly denied his constitutional right to a jury trial.

**[4]** An individual may waive his or her right to a civil jury trial and we have held that knowing participation in a bench trial without objection may be sufficient to constitute a jury waiver. *White*, 903 F.2d at 703. Although *Solis v. County of Los Angeles*, 514 F.3d 946, 956 (9th Cir. 2008), holds that "[n]ot every participation in a bench trial constitutes consent to the waiver of a jury trial," it affirms that the right to a jury trial may be waived. *Id.* at 953. In *Solis*, we noted that Solis had brought his prior jury demand to the district court's attention during the period between the bench trial notice and the trial, and had reiterated his demand for a jury trial in his second motion for counsel that was filed after the district court held that he had waived his jury right. *Id.* Here, by contrast, it was Palmer who sought to waive his jury right in response

---

[5]Federal Rule of Civil Procedure 38(d) provides that a proper demand for a jury trial "may be withdrawn only if the parties consent." The defendants here were not compelled to agree to Palmer's waiver of his right to a jury trial and request to present telephonic testimony. If they had not waived their right to a jury trial, Palmer presumably would have had to present his case to a jury as best as he could.

to his failure to procure the attendance of his witnesses. Moreover, he never suggested to the district court that his proposed resolution of his problem constituted an improper conditioning of his constitutional right to a jury trial.[6] On this record, we conclude that Palmer knowingly and voluntarily waived his right to a jury trial and that the district court's acceptance of Palmer's waiver did not violate his constitutional right to a jury trial.

## III

[5] Palmer also challenges the district court's refusal to appoint counsel to assist him. A district court's refusal to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) is reviewed for an abuse of discretion. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman,* 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive

---

[6]Palmer's comment to the district court — "I don't really have a choice" — did not invoke his constitutional right to a jury trial. Indeed, the court responded that Palmer did have a choice; he could go forward with a jury trial or waive it. Palmer simply responded that he would waive a jury trial. Such a short colloquy at the commencement of a civil trial, when the plaintiff is trying to adjust to the absence of many of his witnesses, does not indicate that the plaintiff is invoking his constitutional right to a jury and does not put the court or the defendants on notice that a constitutional right has been invoked.

and instead must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

[6] Palmer asserts that he should have been appointed counsel because he was likely to succeed on the merits, the pain from his surgery limited his ability to prepare for trial, and prison officials had denied him access to his legal documents, thereby limiting his ability to prepare for trial. The district court was sensitive to Palmer's predicament. It questioned Palmer and defense counsel before trial to ensure that Palmer had sufficient access to his legal documents, and it limited the length of the trial days and provided three break periods. At the conclusion of the trial, the district court noted that Palmer had done "quite a good job" putting on his case, and that he was well-organized, made clear points, and presented the evidence effectively. We conclude that Palmer has not made the requisite showing of exceptional circumstances for the appointment of counsel and that the district court did not abuse its discretion in denying his requests for the appointment of counsel. *See Wilborn*, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues.").

For the foregoing reasons, the district court's judgment in favor of the defendants on Palmer's civil action is **AFFIRMED**.

---

McKEOWN, Circuit Judge, concurring in part and dissenting in part:

The Seventh Amendment right to a jury trial in civil cases is a bedrock principle of our civil justice system. Here, the district court presented Will Moses Palmer with a classic Hobson's choice: If Palmer wished to present evidence

through telephonic testimony, the district court demanded that he waive his constitutional right to a jury trial; if he opted to present his case to a jury, the district court would forbid him from examining his witnesses through telephonic testimony. Because the district court presented Palmer with an unconstitutional condition, I respectfully dissent. I concur in the majority's determination that the district court did not abuse its discretion in denying Palmer's motion for the appointment of counsel.

## I.  BACKGROUND

The majority disposition has left unsaid some important details. Palmer brought a pro se suit against defendants— prison officials at Salinas Valley State Prison—alleging that he was maliciously and unconstitutionally beaten during two separate incidents in December 2002. His case depended largely on the testimony of eyewitnesses who allegedly viewed the beatings. When Palmer arrived for the first day of his trial, Palmer informed the district court that his witnesses were not present. The court determined that the witnesses had not been properly served. Palmer informed the court that he could not "even present [his] case" without the witnesses and requested a continuance of the trial. Defense counsel objected, arguing that all six defendants were present, their witnesses were subpoenaed, and the case was "ready to go." The district court declined to grant a continuance.

Concerned that he could not adequately present his case, Palmer brought up an option the district court had offered to him the day before[1] —the opportunity to present some of his witnesses via telephonic testimony, so long as he opted for a bench trial instead of a trial by jury. The district court responded by asking if Palmer wanted to waive a jury trial

---

[1]The district court originally initiated a conversation about the possibility of telephonic testimony because one of Palmer's desired witnesses refused to leave the prison to testify.

and present his witnesses via telephone. Defendants acquiesced in the waiver. Palmer responded, "I don't really have a choice, Your Honor. Yes." The district court remarked, "You do have a choice. You can go forward with the jury trial right now if you want, or you can waive it. I don't care. It's up to you." Of course, were Palmer to proceed with a jury trial, it would be without his key witnesses. Consequently, Palmer agreed to waive his right to a jury trial, proceeded with a bench trial, and took the judge up on the option of telephonic testimony. The district court ultimately determined that Palmer failed to establish an Eighth Amendment violation and ruled in favor of defendants.

## II.   ANALYSIS

As the Supreme Court has observed, "the right of jury trial in civil cases at common law is a basic and fundamental feature of our system of federal jurisprudence which is protected by the Seventh Amendment." *Jacob v. City of New York*, 315 U.S. 752, 752-53 (1942). Like other constitutional rights, the right to a jury trial may be waived. *Solis v. County of Los Angeles*, 514 F.3d 946, 953 (9th Cir. 2008). However, "[a] right so fundamental and sacred to the citizen . . . should be jealously guarded by the courts." *Jacob*, 315 U.S. at 752-53. And, "courts should indulge every reasonable presumption against waiver." *Solis*, 514 F.3d at 953 (internal citations omitted). With that presumption in mind, I turn to Palmer's appeal.

The district court offered Palmer a benefit—the opportunity to present witnesses via telephonic testimony—in exchange for his agreement to waive his constitutional right to a jury trial. Palmer does not disagree with the prison officials that the district court could have refused to allow telephonic testimony in the first place. Indeed, from an evidentiary and court administration standpoint, the decision whether to permit witnesses to testify via telephone was undoubtedly within the district court's discretion. *See* Fed. R. Civ. P. 43(a) & Advi-

sory Comm. Notes on 1996 Amendments (permitting contemporaneous transmission of testimony from location outside the court for good cause). But this case does not present an evidentiary or administrative issue. Rather, it demands consideration of a question the majority disposition conspicuously avoids—whether the district court could properly condition Palmer's right to a jury trial on the form of testimony. Although from what can be gleaned from the record, the district court was apparently trying to accommodate Palmer, those good intentions came unhinged when the ultimate choice offered was pegged to Palmer's constitutional right under the Seventh Amendment.

Under the doctrine of unconstitutional conditions, the Supreme Court has explained that "even though a person has no 'right' to a valuable governmental benefit and even though the government may deny him the benefit for any number of reasons, there are some reasons upon which the government may not rely." *Perry v. Sinderman*, 408 U.S. 593, 597 (1972). Specifically, the government cannot condition a benefit on a basis that infringes upon an individual's constitutionally guaranteed interest. *Id.* The reasoning behind the doctrine is sound: A court cannot allow the government to accomplish through a condition something it cannot demand outright. *See id.*

To determine whether the government has violated the unconstitutional conditions doctrine, the court must look to whether the condition placed upon the receipt of a benefit "further[s] the end advanced as the justification for the prohibition." *Nollan v. Cal. Coastal Comm'n*, 483 U.S. 825, 837 (1987). In other words, the "government cannot impose a condition for a reason not germane to one that would have justified denial" of the benefit. Kathleen M. Sullivan, *Unconstitutional Conditions*, 102 Harv. L. Rev. 1413, 1460 (1989).

The district court offered no rationale for its link between permission to use telephonic testimony and a bench trial.

Indeed, it is difficult to divine a legitimate reason under this circumstance as to why use of telephonic testimony was conditioned on waiver of a jury trial. The only possible link between the district court's condition and a total ban on telephonic testimony would result from an assumption that judges, as opposed to juries, are better equipped to deal with telephonic testimony. Thus, the argument would go, the risks of telephonic testimony—particularly a potentially diminished ability to discern witnesses' credibility—would be less acute in a bench trial than in a trial before a jury. This argument is flawed because the law gives no edge to judges in assessing credibility.

"Under our system of jurisprudence a properly instructed jury of citizens decides whether witnesses are credible. The trial judge is deemed to have no special expertise in determining who speaks the truth." *United States v. Cravero*, 530 F.2d 666, 670 (5th Cir. 1976); *see also United States v. Giampa*, 758 F.2d 928, 935 (3d Cir. 1985); *United States v. Blasco*, 581 F.2d 681, 684-85 (7th Cir. 1978). Thus, the jury would be no more disadvantaged than the judge in evaluating the demeanor of a witness appearing via telephone or video. One might posit that in an ideal world having the fact-finder view the witnesses in person permits a better evaluation of credibility. Rule 43 of the Federal Rules of Civil Procedure essentially adopts this approach. But, even that assumption is not universally held. *See* Richard L. Marcus, *Completing Equity's Conquest? Reflections on the Future of Trial Under the Federal Rules of Civil Procedure*, 50 U. Pitt. L. Rev. 725, 757-62 (1989).

Use of both contemporaneously transmitted and pre-recorded testimony has been sanctioned by the Supreme Court, circuit courts, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Federal Rule of Civil Procedure 43(a) contemplates the very circumstance that arose here: "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in

open court by contemporaneous transmission from a different location." The Notes to the 1996 Amendments to Rule 43 underscore the benefits of presenting live testimony, but make no distinction between cases involving a judge and those with a jury.

Contemporaneously transmitted telephonic and audiovisual testimony is utilized in many different scenarios. For example, in a criminal case, the Supreme Court approved the use of one-way closed circuit television testimony by a child victim of sexual abuse. *Maryland v. Craig*, 497 U.S. 836 (1990). The Ninth Circuit has also acknowledged the propriety of telephonic testimony in the civil arena. In *Zolotukhin v. Gonzales*, 417 F.3d 1073, 1076 (9th Cir. 2005), we criticized an immigration judge's refusal to permit the telephonic testimony of petitioner's expert. We have also explicitly approved the use of telephonic testimony by the Securities and Exchange Commission during the course of disciplinary proceedings: "Nor do we agree with [the] suggestion that the . . . credibility findings are undermined because [the witness] testified at the hearing by telephone." *Alderman v. S.E.C.*, 104 F.3d 285, 288 n.4 (9th Cir. 1997).

The discovery and evidentiary rules provide opportunity for another form of out-of-court testimony—the electronic presentation of pre-recorded testimony taken at depositions. Federal Rule of Civil Procedure 30(b) allows for the recording of depositions by "audio, audiovisual, or stenographic means." And deposition testimony—whether simply recorded or taken via telephone or video—is often presented at trial to highlight an admission by a party opponent, *see* Fed. R. Evid. 801(d)(2), or where the witness is unavailable, *see* Fed. R. Evid. 804. These provisions make no distinction between bench trials and those involving a jury. The point is that while live testimony is preferred, our system is set up to make specific use and accommodation of testimony via electronic means.

Absent insurmountable logistical considerations or some compelling reason—none of which is present here—I see no germane reason to distinguish between a bench trial and a jury trial in determining whether to allow telephonic testimony. Because limiting Palmer to a bench trial was unrelated to legitimate reasons for a total ban on telephonic testimony, the district court violated Palmer's Seventh Amendment right to a jury trial by burdening this right with an unconstitutional condition.

In response to the majority's focus on what it considers to be Palmer's lack of diligence in obtaining witnesses for trial, the district court's sanction for this delay should not have been grounded on a constitutional choice. And, the fact that Palmer did not object on constitutional grounds to the jury waiver option simply signals the obvious—as Palmer put it, at that point, he had no choice. Participation in a bench trial can hardly constitute "knowing consent" if it was driven by an unconstitutional condition.

Typically, the final stage of analysis would be whether the error was harmless. However, the government did not make that argument. In fact, at oral argument, counsel for the government explicitly conceded this point. By hanging its hat on the sole issue of whether there was error, the government waived any argument that the error was harmless. *United States v. Varela-Rivera*, 279 F.3d 1174, 1180 (9th Cir. 2002). I would reverse and remand for a new trial.