FILED

MAR 06 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTIN PARTIDA GAONA, | No. 11-15155 |
| Plaintiff - Appellant, | D.C. No. 1:06-cv-00865-SMS |
| v. | |
| KUSHNER; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Sandra M. Snyder, Magistrate Judge, Presiding[**]

Submitted February 21, 2012[***]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Martin Partida Gaona, a Califonia state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C.§ 1983 action alleging deliberate

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    Gaona consented to proceed before a magistrate judge.  *See* 28
U.S.C. § 636(c).

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

indifference to serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Gaona's action for failure to state a claim because Gaona failed to allege facts showing that defendants acted with deliberate indifference in the treatment of his infection with Valley Fever. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) (deliberate indifference is a high legal standard; malpractice or negligence does not constitute an Eighth Amendment violation).

The district court did not abuse its discretion in denying Gaona leave to amend his third amended complaint, where it had previously provided notice of the complaint's deficiencies and granted leave to amend. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2009) (setting forth standard of review and noting that court's discretion is particularly broad where it has already granted leave to amend).

The district court did not abuse its discretion in denying Gaona's motion for appointment of counsel because Gaona failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for

11-15155

appointment of counsel).

Gaona's remaining contentions are unpersuasive.

**AFFIRMED.**