**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

JOHN ROBERT CLINE,

        Plaintiff - Appellant,

  v.

DORA SCHRIRO; et al.,

        Defendants - Appellees.

No. 10-17058

D.C. No. 4:09-cv-00114-DCB

MEMORANDUM[*]

---

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted March 6, 2012[**]

Before:    B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

    John Robert Cline, an Arizona state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review for abuse of discretion a district court's dismissal for failure to prosecute, *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994), and we reverse and remand.

Although the district court did not abuse its discretion in requiring Cline to sign an unaltered medical release, the district court abused its discretion when it dismissed the case for failure to prosecute based on Cline's delay in returning the unaltered medical release to defendants. *See id.* at 1451 (listing factors to consider in determining whether dismissal for failure to prosecute was an abuse of discretion). Cline executed and mailed to defendants the unaltered release less than forty days after the court's deadline and without further order of the court and thus did not unreasonably delay the proceedings. *See id.* ("In dismissing a case for lack of prosecution, the court must find unreasonable delay."). Further, there is no indication in the record that this delay of less than forty days actually prejudiced defendants. *See id.* at 1452-53; *see also id.* at 1454 (public policy favors disposition of cases on the merits). Accordingly, we reverse the judgment and remand for further proceedings.

The district court did not abuse its discretion in denying without prejudice Cline's request for counsel where Cline moved for appointment of counsel before the complaint was served and failed to show exceptional circumstances. *See*

2

*Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (court may appoint counsel

only under exceptional circumstances).

**REVERSED and REMANDED.**