**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADAM SHELTON, Jr., | No. 11-16395 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-00560-MHM |
| v. | |
| GLEN CHORLEY, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Mary H. Murguia, District Judge, Presiding

Submitted November 13, 2012**

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

California state prisoner Adam Shelton, Jr. appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging excessive force and

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A for failure to state a claim); *White v. Roper*, 901 F.2d 1501, 1503 (9th Cir. 1990) (summary judgment). We affirm.

The district court properly granted summary judgment on Shelton's excessive force claim because Shelton failed to raise a genuine dispute of material fact as to whether defendant acted "maliciously and sadistically for the very purpose of causing harm" after Shelton refused an order to return to his cell. *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002) (citation and internal quotation marks omitted).

The district court properly dismissed Shelton's deliberate indifference claim because Shelton's conclusory allegations do not support his claim that defendant's actions constituted deliberate indifference to a serious medical need. *See id.* at 904 ("'Deliberate indifference' is evidenced only when 'the official knows of and disregards an excessive risk to inmate health or safety . . . .'" (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The district court did not abuse its discretion in denying Shelton's motions for appointment of counsel because Shelton failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting

11-16395

forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

**AFFIRMED.**