**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| LURENZO LEE WILLIAMS, | No. 11-57252 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00789-CBM-JC |
| v. | |
| SERVIN, a.k.a. Cervantes, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

California state prisoner Lurenzo Lee Williams appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

defendant used excessive force against him while he was a pretrial detainee in the

county jail.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal for failure to exhaust administrative remedies. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We affirm.

The district court properly dismissed Williams's action without prejudice because Williams did not exhaust the county jail's grievance procedures concerning his claims. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (exhaustion is mandatory and must be done in a timely manner consistent with prison policies); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").

The district court did not abuse its discretion in denying Williams's motions for appointment of counsel because Williams failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

**AFFIRMED.**

11-57252