**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARLON D. COLLINS, | No. 12-16836 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01967-MMD-PAL |
| v. | |
| BRIAN E. WILLIAMS, Sr.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted July 24, 2013[**]

Before: ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Nevada state prisoner Marlon D. Collins appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging First and Eighth

Amendment claims. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo a dismissal for failure to state a claim, *Douglas v. Noelle*, 567 F.3d 1103,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1106 (9th Cir. 2009), and summary judgment, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994). We affirm.

The district court properly dismissed Collins's Eighth Amendment claim because neither the issuance of disciplinary charges of which Collins was later acquitted—nor his placement in administrative, protective, and disciplinary segregation for almost six months—constituted cruel and unusual punishment. *See Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995) (administrative segregation is within the terms of confinement ordinarily contemplated by a sentence, and does not violate the Eighth Amendment despite the accompanying restrictions on, among other things, exercise and recreation).

The district court properly granted summary judgment on Collins's First Amendment claim because, even assuming that his refusal to sign a liability waiver constituted the exercise of his constitutional right to free speech, Collins failed to raise a genuine dispute of material fact as to whether disciplinary charges against him and his placement in segregation did not advance a valid correctional goal. *See Barnett*, 31 F.3d at 816 (setting forth elements of retaliation, and affirming summary judgment where plaintiff failed to prove that retaliatory action did not advance a legitimate penological goal, such as preserving order and discipline).

The district court did not abuse its discretion in granting defendants' request

12-16836

for an extension of time to oppose Collins's motion for summary judgment for good cause and in the absence of any resulting prejudice to Collins. *See FTC v. Gill*, 265 F.3d 944, 954-55, 957 (9th Cir. 2001) (setting forth standard of review, and noting district court's broad discretion to control its docket and set deadlines).

The district court did not abuse its discretion in denying Collins's motions for appointment of counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

Collins's contentions regarding exhaustion of administrative remedies, the district court's alleged failure to review all the evidence, and the defendants' alleged distortion of issues underlying his case and his appeal are unpersuasive.

**AFFIRMED.**