**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES L. JEFFERSON, | No. 12-17003 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00340-MCE-CMK |
| v. | |
| J.R. WEAVER, Correctional Counselor, Vacaville; DOOLEY, C/O/ Property Officer, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief Judge, Presiding

Submitted July 24, 2013[**]

Before:     ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

California state prisoner James L. Jefferson appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging Eighth

Amendment violations and other claims.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo, *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007), and we affirm.

The district court properly granted summary judgment on the Jefferson's Eighth Amendment claim because Jefferson failed to raise a genuine dispute of material fact as to whether defendants endangered his safety based on his transgendered or HIV-positive status. *See id*. at 621, 624 (unanswered requests for admission may be relied on as the basis for granting summary judgment); *see also Farmer v. Brennan*, 511 U.S. 825, 833-34, 837 (1994) (setting forth elements of Eighth Amendment claim); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586, n. 11 (1986) (averments in a pleading are not sufficient to create a triable dispute of fact for purposes of defeating summary judgment).

The district court did not abuse its discretion in denying Jefferson's requests for appointment of counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

Jefferson's contentions regarding the district court's alleged failure to allow him to present evidence in support of his claims, and the defendants' alleged retaliatory conduct during this litigation, are unpersuasive.

We treat Jefferson's successive "opening brief" submitted on December 26,

2012 as his reply brief, and consider the arguments and exhibits attached to the same in light of Jefferson's pro se status. The Clerk shall file the brief.

**AFFIRMED.**