**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL E. HARKE,

               Plaintiff - Appellant,

  v.

D. HOFFMAN; et al.,

               Defendants - Appellees.

No. 12-35263

D.C. No. 1:10-cv-00023-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted October 15, 2013[**]

Before:    FISHER, GOULD, and BYBEE, Circuit Judges.

    Michael E. Harke appeals pro se from the district court's summary judgment
in his 42 U.S.C. § 1983 action alleging that police officers violated his
constitutional rights when they advised his fiancé that she could use Harke's
money to pay for damage he caused to their residence and recommended

---

       [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

       [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

prosecutors set a high bond for his release from jail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment on Harke's claims for the seizure and deprivation of his personal property because Harke failed to raise a genuine dispute of material fact as to whether defendants' advice to Harke's fiancé amounted to state action. *See Blum v. Yaretsky*, 457 U.S. 991, 1004-05 (1982) (stating that a state actor must exercise coercive power or provide significant encouragement before it can be held responsible for a private decision; mere approval of or acquiescence in the private decision is insufficient).

The district court properly granted summary judgment on Harke's claim based on defendants' bond recommendation because Harke failed to raise a genuine dispute of material fact as to whether defendants' recommendation was excessive under the circumstances. *See Galen v. County of Los Angeles*, 477 F.3d 652, 656, 661 (9th Cir. 2007) (holding that a one million dollar bond set for a charge of domestic battery was not excessive due to the safety concern for the victim).

The district court did not abuse its discretion by denying Harke's requests to appoint counsel because Harke failed to demonstrate exceptional circumstances.

*See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

**AFFIRMED.**