**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| SCOTT NJOS, | No. 12-57273 |
| Plaintiff - Appellant, | D.C. No. 5:10-cv-01265-GAF-PLA |
| v. | |
| NORWOOD, CEO, Victorville Complex Warden; et al., | MEMORANDUM[*] |
| Defendants, | |
| And | |
| BOURN, USP Victorville, Captain; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted March 10, 2014[**]

Before: PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Federal prisoner Scott Njos appeals pro se from the district court's judgment dismissing his action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging numerous constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to exhaust and for clear error any underlying factual findings. *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010). We affirm.

The district court properly dismissed Njos's action without prejudice because Njos failed to exhaust his administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 90, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to deadlines and administrative procedural rules); *see also Sapp*, 623 F.3d at 821 ("In deciding a motion to dismiss for failure to exhaust, a court may look beyond the pleadings and decide disputed issues of fact." (citation and internal quotation marks omitted)). The district court did not clearly err in finding that Njos failed to pursue all levels of administrative grievances available to him. *Cf. Sapp*, 623 F.3d at 822-23 (exhaustion is not required where administrative remedies are rendered "effectively unavailable").

The district court did not abuse its discretion in denying Njos's motions for appointment of counsel because Njos failed to demonstrate exceptional

circumstances.  *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and explaining "exceptional circumstances" requirement).

Njos's contention that the district court denied him a fair opportunity to be heard is unsupported by the record.  His contentions concerning his motion for leave to file an amended complaint are also unpersuasive.

Njos's motions requesting a ruling, filed on December 5, 2013, and February 19, 2014, are denied as moot.

**AFFIRMED.**