**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DWIGHT CLAYTON BELTON, | No. 13-15927 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-06360-CRB |
| v. | |
| RANDY GROUNDS, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted June 12, 2014[**]

Before:    McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Former California state prisoner Dwight Clayton Belton appeals pro se from the district court's summary judgment dismissing his 42 U.S.C. § 1983 action alleging equal protection violations arising from an allegedly racially discriminatory canteen incident.  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo, *Ford v. City of Yakima*, 706 F.3d 1188, 1192 (9th Cir. 2013), and we affirm.

The district court properly granted summary judgment because Belton failed to raise a genuine issue of material fact as to whether defendants acted with an intent or purpose to discriminate against him on the basis of his race. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) ("To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Belton's motion for appointment of counsel because Belton failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and explaining "exceptional circumstances" requirement).

The district court did not abuse its discretion in denying Belton's requests to conduct additional discovery of eyewitnesses. *See Tatum v. City of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006) (setting forth standard of review and explaining that summary judgment is appropriate "[a]bsent a showing by . . . [plaintiff] that additional discovery would have revealed specific facts precluding

summary judgment").

We reject Belton's contention that the district court did not provide him with a fair opportunity to prosecute his case.

**AFFIRMED**.