**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JODY R.O. CARR, | No. 14-35855 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-00380-REB |
| v. | |
| HIGGINS, Sgt.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Ronald E. Bush, Magistrate Judge, Presiding

Argued and Submitted May 15, 2017
Seattle, Washington

Before: HAWKINS, GOULD, and PAEZ, Circuit Judges.

Jody R.O. Carr is an inmate in the custody of the Idaho Department of

Correction ("IDOC"). In 2013, Carr filed pro se a 42 U.S.C. § 1983 action against

four IDOC employees—Sergeant Tim Higgins, Corporal Randy Hartnett,

Correctional Officer Crystal Fleming, and Correctional Officer Kathy Davidson

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

(collectively, "Defendants")—in their individual and official capacities. He alleged First and Eighth Amendment claims against Hartnett, Fleming, and Davidson on the basis that they contaminated his food with feces in retaliation for Carr's filing of grievances; a Fourteenth Amendment Due Process Clause claim against Higgins for Carr's prolonged assignment to restrictive housing; and a First Amendment retaliation claim against Higgins related to Carr's transfers between facilities. The district court granted summary judgment to Defendants, and denied Carr's motions for leave to file an amended complaint and for the appointment of counsel.

Carr appeals. We review de novo a district court's grant of summary judgment. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). We review for abuse of discretion the denial of a motion to amend the complaint, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002), and the denial of an inmate's request for appointment of counsel, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). We affirm in part, and reverse in part.

**1.** As to Carr's First and Eighth Amendment claims against Hartnett, Fleming, and Davidson, the district court granted summary judgment on the basis that Carr failed to exhaust IDOC's grievance procedure. The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust the administrative remedies

2

"as are available" within the prison before filing a complaint.  42 U.S.C.

§ 1997e(a).  Defendants carry the burden of "prov[ing] that there was an available

administrative remedy and that the prisoner did not exhaust that available remedy."

*Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015).  If shown, "the burden

shifts to the plaintiff, who must show that there is something particular in his case

that made the existing and generally available administrative remedies effectively

unavailable to him."  *Id.*  "The ultimate burden of proof, however, remains with the

defendants."  *Id.*

Defendants established that IDOC's three-step grievance procedure, which

required Carr to file a grievance "[w]ithin 30 days of the incident," provided a

generally available administrative remedy.  Carr, however, demonstrated that the

grievance procedure was unavailable to him in this instance.  Carr's discovery that

he suffered from Clostridium Difficile Colitis, possibly caused by an ingestion of

feces, served as an "incident" that triggered the duty to file a grievance within

thirty days.  He timely submitted a "concern form" within twelve days of that

incident, but IDOC officials did not respond, and subsequently refused to collect

his grievance forms.

Because Carr timely attempted to grieve the incident, but was precluded

from doing so by prison officials, he established that the administrative remedies

3

were "unobtainable" in this instance. *Id.* Accordingly, Hartnett, Fleming, and Davidson were not entitled to summary judgment on the basis of Carr's failure to exhaust. *See Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016) ("[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'") (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)).

2.      Defendants argue that Hartnett, Fleming, and Davidson were nonetheless entitled to summary judgment because no reasonable jury could have found in favor of Carr. Defendants are correct that Carr's claims against Hartnett and Davidson cannot be sustained; Carr failed to submit evidence demonstrating their personal participation in the alleged constitutional violations. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation . . . ."). However, a genuine dispute of material fact exists as to whether Fleming fed or conspired to feed Carr feces. Accordingly, the grant of summary judgment to Fleming cannot be affirmed on the alternative basis proposed by Defendants.

3.      The district court correctly determined that Higgins was entitled to qualified immunity with regard to Carr's Fourteenth Amendment claim against

him. The district court accurately observed that "there is no clearly established law that protective custody inmates must be afforded procedural due process rights when the prisoner has not contested his protective custody status." Indeed, Carr never sought to alter his protective custody status, and "a prisoner does not have a constitutional right to be housed at a particular institution, [or] to receive a particular security classification." *Neal v. Shimoda*, 131 F.3d 818, 828 (9th Cir. 1997) (citations omitted).

4.     The district court also correctly granted summary judgment to Higgins on Carr's First Amendment retaliation claim. We apply the elements of a prisoner's First Amendment retaliation claim, as outlined in *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). Here, Carr failed to demonstrate that Higgins possessed the authority to transfer Carr between facilities, and Higgins thus did not take the requisite "action against" Carr. *See id.* Carr further failed to demonstrate that Higgins acted in retaliation "because of" Carr's protected conduct. *See id.*

5.     In the same order granting Defendants summary judgment, the district court denied Carr's pending motion for leave to file an amended complaint. Generally, a party may amend its pleading "once as a matter of course within . . . 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1)(B). Carr moved for leave to file an amended complaint within twenty-one days after service

5

of Defendants' answer. Under the PLRA, however, district courts must "screen[]" complaints filed by prisoners. *See* 28 U.S.C. § 1915A. Pursuant to 28 U.S.C. § 1915A(a)–(b), prior to docketing or as soon as practicable after docketing, the court must review prisoners' civil complaints to "identify cognizable claims or dismiss the complaint." *Id.* § 1915A(b).

The district court determined that one of the additional claims in Carr's proposed amended complaint—the retaliation claim against Sergeant Mechtel—was cognizable. Because Carr timely sought to amend the complaint "as a matter of course," Fed. R. Civ. P. 15(a)(1)(B), and because he sought to assert a cognizable claim, the district court abused its discretion in denying Carr's motion to add a retaliation claim against Sergeant Mechtel. The district court determined that Carr's other claims in the amended complaint were not cognizable, and thus did not abuse its discretion in denying Carr's motion as to those claims.

6.     In light of our disposition, we vacate the district court's order denying Carr's motion for the appointment of counsel. On remand, Carr may renew his request for appointment of counsel. We express no views on whether there are exceptional circumstances that warrant appointment of counsel. *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) ("A finding of the exceptional circumstances . . . requires at least an evaluation of the likelihood of

the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved.") (internal quotation marks omitted).

**7.** In sum, we affirm the district court's grant of summary judgment to Higgins, Hartnett, and Davidson, and reverse the district court's grant of summary judgment to Fleming. We reverse the district court's denial of Carr's motion for leave to file an amended complaint to the extent he sought to add a retaliation claim against Sergeant Mechtel, but affirm the denial in all other respects. We vacate the district court's order denying Carr's motion for appointment of counsel.

**AFFIRMED IN PART, AND REVERSED IN PART.**