NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAYIDEN HUSSEIN MOHAMED, | No. 16-35710 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01669-RAJ |
| v. | |
| BELLINGER, Nurse Supervisor; STEWART ANDREWS, M.D., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Sayiden Hussein Mohamed, a former inmate at Snohomish County Jail, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical need. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1051, 1056 (9th Cir. 2004). We may affirm on any basis supported by the record. *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm.

Summary judgment was proper because under any potentially applicable standard, Mohamed failed to raise a genuine dispute of material fact as to whether defendants knew of and disregarded an excessive risk to Mohamed's health. *See Toguchi*, 391 F.3d at 1057-58 (neither a prisoner's difference of opinion concerning the course of treatment nor mere negligence in treating a medical condition amounts to deliberate indifference); *Lolli v. County of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003) (pretrial detainee's claim of medical deliberate indifference is analyzed under the Fourteenth Amendment Due Process Clause rather than under the Eighth Amendment, but same standards apply); *see also Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-71 (9th Cir. 2016) (en banc) (setting forth elements of Fourteenth Amendment failure-to-protect claim by pretrial detainee).

Denial of Mohamed's motion for appointment of counsel was proper because Mohamed failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and exceptional circumstances requirement for appointment of counsel).

We reject Mohamed's contention that he should have been appointed an

interpreter because Mohamed did not make such a request before the district court.

**AFFIRMED.**