**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

OCT 2 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR FLORES, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> FARHAN TAGHIZADEH, Doctor; CORRECTIONAL HEALTH SERVICES, named in caption of Amended Complaint as: Correctional Health Services Corp. - Contracted Health Care Provider at Maricopa County 4th Ave. Jail; PAUL PENZONE, Maricopa County Sheriff; G. GREGORIO, MFF, Correctional Health Services Provider at Maricopa County 4th Ave. Jail; J BEVELL, PMJ, Correctional Health Services Provider at Maricopa County 4th Ave. Jail; JANE DOE, named as: Nurse Jane Doe #1 - Correctional Health Services Nurse at Maricopa County 4th Ave. Jail, <br><br> Defendants-Appellees. | No.   22-15510 <br><br> D.C. No. <br> 2:20-cv-01492-SRB-CDB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted XX, 2023[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: BENNETT, SUNG, and H.A. THOMAS, Circuit Judges.

Victor Flores, a pretrial detainee, appeals pro se from the district court's grant of summary judgment to Dr. Farhan Taghizadeh, Dr. Gerardo Gregorio, and Physician's Assistant (PA) Jared Bevell (collectively, Defendants). Flores brought a civil action against Defendants under 42 U.S.C. § 1983, alleging that he received inadequate medical care while incarcerated in a Maricopa County jail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Marino v. Ocwen Loan Servicing LLC*, 978 F.3d 669, 673 (9th Cir. 2020). We affirm.

"[C]laims for violations of the right to adequate medical care 'brought by pretrial detainees against individual defendants under the Fourteenth Amendment' must be evaluated under an objective deliberate indifference standard." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018) (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016)). To succeed on such a claim, the pretrial detainee must establish:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

---

**     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Id.* at 1125. Flores argues that he has established a Fourteenth Amendment violation because the Defendants were deliberately indifferent to his pain and suffering.

"With respect to the third [*Gordon*] element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn[ ] on the facts and circumstances of each particular case." *Castro*, 833 F.3d at 1071 (internal quotation marks omitted) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). The district court correctly concluded that Flores failed to establish this third *Gordon* prong because he failed to show that Defendants "did not take reasonable available measures to abate [the] risk." *Id.* We agree.

The evidence shows that Flores's sinuses and septum were well-healed after Dr. Taghizadeh's surgery. Additionally, Dr. Taghizadeh, Dr. Gregorio, and PA Bevell all prescribed medication for Flores, including pain medication and antibiotics for his sinus infection. The district court properly concluded that at most, the evidence shows that there was a difference of opinion between Flores and Dr. Gregorio and PA Bevell, and that the evidence could support a claim of negligence, gross negligence, or malpractice against Dr. Taghizadeh. But "[a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference," *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012),

3

*overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc), and evidence of even gross negligence is insufficient to support a Fourteenth Amendment claim, *see Castro*, 833 F.3d at 1071.

Flores also argues that the district court abused its discretion when it denied his requests for counsel. Because the legal issues in this case are not particularly complex and Flores has shown some ability to articulate his claims, we conclude that the district court did not abuse its discretion when it denied Flores's requests. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (holding that appointment of counsel for an incarcerated plaintiff in a § 1983 action pursuant to 28 U.S.C. § 1915(e)(1) is a matter within the court's discretion).

**AFFIRMED.**