NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BELINDA C. MUHAMMAD,

        Plaintiff-Appellant,

  v.

BRETANNIYIA JENKINS, Bus Driver for LACMTA, individual and official capacity,

        Defendant-Appellee,

 and

LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY; PHILLIP A. WASHINGTON; JANE DOE; DOES, 1-10,

        Defendants.

No.   23-55287

D.C. No.
2:19-cv-07970-JAK-PVC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted March 13, 2026[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, SILVERMAN, and N.R. SMITH, Circuit Judges.

Belinda C. Muhammad appeals pro se from the district court's judgment after a jury trial in her 42 U.S.C. § 1983 action alleging that Bretanniyia Jenkins called 911 in retaliation for Muhammad's exercise of First Amendment rights when Muhammad was a passenger on a Los Angeles County Metropolitan Transportation Authority (MTA) bus driven by Jenkins. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Duran v. City of Maywood*, 221 F.3d 1127, 1130 (9th Cir. 2000) (per curiam) (evidentiary rulings); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (denial of motion to appoint counsel). We affirm.

The district court did not abuse its discretion by denying Muhammad's motions in limine to exclude evidence of her misdemeanor conviction for possession of brass knuckles at the time of the incident and her dismissed charge for resisting arrest. *See* Fed. R. Evid. 404(b) (setting forth purposes for which evidence of other crimes, wrongs, or acts may be admissible); *Duran*, 221 F.3d at 1132-33 (setting forth the standard for admission of "other act" evidence).  Even if we assume error in admitting evidence of the brass knuckles discovered after the encounter, any error would be harmless under the circumstances.  *See Fogel v. Collins*, 531 F.3d 824, 830 (9th Cir. 2008) (recognizing that a "true threat," an

expression of an intent to inflict injury on another, is not protected by the First Amendment).

The district court did not abuse its discretion by declining to appoint counsel for Muhammad. *See Palmer*, 560 F.3d at 970 (explaining that there is no constitutional right to counsel in civil actions, but court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) under "exceptional circumstances," taking into account the likelihood of success on the merits and the petitioner's ability to articulate their claims in light of the complexity of the legal issues involved).

**AFFIRMED.**