**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEXIOS ALEXANDER, | No. 12-17397 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00445-WBS-EFB |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted May 14, 2013[**]

Before:      LEAVY, THOMAS, and MURGUIA, Circuit Judges.

California state prisoner Alexios Alexander appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

violations concerning his conditions of confinement.  We have jurisdiction under

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Alexander's action because Alexander failed to allege sufficient facts to state a claim for unconstitutional conditions of confinement. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (discussing the subjective prong of deliberate indifference); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (courts need not accept as true allegations that contradict exhibits attached to a complaint, or allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences"); *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005) (listing the elements of a conditions of confinement claim and explaining that the circumstances, nature, and duration of the deprivation are relevant); *see also Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding that claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]").

The district court did not abuse its discretion in denying Alexander's multiple requests for appointment of counsel because Alexander failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970

(9th Cir. 2009) (setting forth standard of review and the exceptional circumstances requirement).

**AFFIRMED.**