**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| TOMMY PHILLIPS, | No. 11-56632 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-02897-DDP-SH |
| v. | |
| ROBERT L. AYERS, Jr., Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted June 18, 2013[**]

Before:     TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

California state prisoner Tommy Phillips appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging, among other

things, excessive force and a violation of the Religious Land Use and

Institutionalized Persons Act ("RLUIPA"). We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  We affirm.

The district court properly granted summary judgment on Phillips's excessive force claim because Phillips failed to raise a genuine dispute of material fact as to whether the force defendants used in response to other inmates' violent and non-compliant behavior was unreasonable or meant to maliciously or sadistically harm him.  *See Whitley v. Albers*, 475 U.S. 312, 320-21, 324-26 (1986) (setting forth elements of excessive force claim, and concluding that officer's use of force in a good-faith effort to restore discipline during a prison riot was not unconstitutional despite the officer's failure to give a verbal warning before shooting inmate).  To the extent that Phillips alleges the use of excessive force against him after order was restored to the prison yard, the district court properly granted summary judgment in light of Phillips's acknowledgment that the two escorting prison officials who allegedly injured him were not named defendants in this action.  *See Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc) (liability for violation of a constitutional right requires defendants' personal participation in the violation).

The district court properly granted summary judgment on Phillips's RLUIPA claim because Phillips did not raise a triable dispute as to whether the

supervision restrictions imposed upon group worship failed to further "a compelling governmental interest" or were not "the least restrictive means" of preventing threats to prison security. 42 U.S.C. § 2000cc-1(a); *see also Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005) ("[P]rison security is a compelling state interest, and . . . deference is due to institutional officials' expertise in this area.").

The district court did not abuse its discretion in denying Phillips's motion for appointment of counsel because Phillips failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

The district court did not abuse its discretion in rejecting for filing Phillips's motion to compel because the motion was untimely and Phillips has not established good cause to excuse his late filing. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1084, 1093 (9th Cir. 2003) (setting forth standard of review).

Phillips's contentions concerning the magistrate judge's alleged demonstrations of judicial bias and filing of an amended report and recommendation are unpersuasive.

**AFFIRMED.**