**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANIEL STEVE DIXON,

             Plaintiff - Appellant,

  v.

J. S. O'CONNOR, Correctional Officer; et al.,

             Defendants - Appellees.

No. 12-15825

D.C. No. 2:08-cv-01546-LDG

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lloyd D. George, District Judge, Presiding

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

    Daniel Steve Dixon, a California state prisoner, appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs and retaliation for filing prison

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

grievances. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011). We affirm.

The district court properly dismissed Dixon's retaliation claims because Dixon failed to allege that defendants' actions did not advance legitimate correctional purposes. *See Pratt v. Rowland*, 65 F.3d 802, 807-09 (9th Cir. 1995) (explaining that the timing of adverse actions alone is not sufficient to support the inference of a retaliatory motive and that a prisoner must show that there were no legitimate correctional purposes for conduct alleged to be retaliatory).

The district court properly dismissed Dixon's claims based on deliberate indifference to his medical needs because Dixon failed to allege facts sufficient to demonstrate that defendants' knew of and disregarded an excessive risk to his health. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (prison officials act with deliberate indifference only if they know of and disregard an excessive risk to a prisoner's health).

The district court properly dismissed Dixon's claims against the supervisory defendants because Dixon failed to allege facts demonstrating their personal involvement in the alleged violations or a causal connection between their conduct and the alleged violations. *See Starr*, 652 F.3d at 1207 ("A defendant may be held

liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.' " (citation omitted)).

The district court did not abuse its discretion in denying Dixon's requests for appointment of counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

Dismissal of Dixon's amended complaint without leave to amend was proper because the district court had previously provided Dixon with the opportunity to amend, and further amendment would have been futile. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (district court need not grant leave to amend where amendment would be futile).

We reject as unpersuasive Dixon's contentions that the district court committed reversible error by denying his motion to "consolidate" the motions to dismiss, and by failing to address his motion for reconsideration of the court's prior order denying his motion for a preliminary injunction before ruling on the motions to dismiss.

Defendants' motion to strike portions of Dixon's supplemental excerpts of

record that were not part of the district court record is granted.

**AFFIRMED.**