**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROYALTON McCAMEY,

             Plaintiff - Appellant,

  v.

FURMER; et al.,

             Defendants - Appellees.

No. 13-15648

D.C. No. 2:10-cv-02553-KJM-CMK

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted March 10, 2014[**]

Before:    PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Royalton McCamey appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his

serious medical needs while he was detained in a county jail.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo, *Toguchi v. Chung*, 391 F.3d 1051,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because McCamey failed to establish a genuine dispute of material fact as to whether defendants acted with deliberate indifference by not providing him with surgery and a particular pain medication in connection with his shoulder, knee, and finger injuries. *See id.* at 1057-58 (prison officials act with deliberate indifference only if they know of and disregard an excessive risk to inmate health; neither a prisoner's difference of opinion concerning the course of treatment nor mere negligence in diagnosing or treating a medical condition amounts to deliberate indifference); *see also Simmons v. Navajo County, Ariz.*, 609 F. 3d 1011, 1017 (9th Cir. 2010) ("Although the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's protection against cruel and unusual punishment, applies to pretrial detainees, we apply the same standards in both cases[.]" (internal citation omitted)).

The district court did not abuse its discretion by denying McCamey's requests for appointment of counsel because McCamey failed to establish "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 968 (9th Cir. 2009).

**AFFIRMED.**