**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEITH W. CANDLER,

Plaintiff - Appellant,

v.

HAMMONS, Correctional Officer,

Defendant - Appellee.

No. 13-16632

D.C. No. 2:11-cv-01969-JAM-CKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted August 13, 2014[**]

Before:    SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Keith W. Candler, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

indifference to his serious medical needs.[1]  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). We may affirm on any basis supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

Summary judgment was proper because Candler failed to raise a genuine dispute of material fact as to whether Hammons was deliberately indifferent to his asthma and breathing problems.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official is deliberately indifferent only if he or she "knows of and disregards an excessive risk to inmate health"); *see also Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1084 (9th Cir. 2013) (defendants "did not act with deliberate indifference toward [the prisoner] as they reasonably relied on the expertise of the prison's medical staff"); *Jett*, 439 F.3d at 1096 (if the harm is an isolated exception to the prisoner's overall treatment, it ordinarily militates against a finding of deliberate indifference).

The district court did not abuse its discretion by denying Candler's motion for appointment of counsel because Candler failed to demonstrate exceptional

---

[1] Candler filed his complaint and appeal under the name "Keith *Candler*." However, he is imprisoned under the name "Keith *Chandler*."  Candler's prison medical records and many of the documents filed in the district court, including the relevant district court orders, refer to Appellant as "Keith *Chandler*."

circumstances.  *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting

forth standard of review and requirement of "exceptional circumstances" for

appointment of counsel).

**AFFIRMED.**