Finally, we reject Lopez's request to remand for the potential exercise of prosecutorial discretion, and we lack jurisdiction to direct respondent to consider an exercise of prosecutorial discretion, *see Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir.2012) (order).

**PETITION FOR REVIEW DENIED.**

**Russell Dwayne RODGERS,**
**Plaintiff–Appellant,**

v.

**Greg MUNKS; et al., Defendants–Appellees.**

**No. 14–15167.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2015.[*]

Filed July 31, 2015.

Russell Dwayne Rodgers, East Palo Alto, CA, pro se.

Kimberly A. Marlow, Esquire, Redwood City, CA, for Defendant–Appellee.

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

MEMORANDUM [***]

San Mateo County jail inmate Russell Dwayne Rodgers appeals pro se from the district court's judgment dismissing for failure to exhaust administrative remedies his 42 U.S.C. § 1983 action alleging Eighth Amendment claims arising from the alleged failure to supply hygiene supplies. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir.2014) (en banc). We affirm.

The district court properly concluded that Rodgers failed to exhaust his administrative remedies because Rodgers did not appeal the relevant grievance decision to the final level of review before presenting his claims to the district court. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93–95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules).

The district court did not abuse its discretion by denying Rodgers's motions for appointment of counsel because Rodgers did not demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir.2009) (setting forth standard of review and exceptional circumstances requirement).

The district court did not abuse its discretion by denying Rodgers's motions to compel discovery responses because Rodgers failed to establish that the denial caused substantial prejudice. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and

[***] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

explaining that a district court's decision to deny discovery "will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

We reject Rodgers's contentions regarding judicial bias and the district court's alleged failure to allow him further discovery.

We do not consider arguments and allegations raised for the first time on appeal, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright,* 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

Rodgers's motion for the entry of default and request for appointment of counsel, filed on April 20, 2015, are denied.

Appellees's motion for an extension of time, filed on April 30, 2015, is denied as moot.

**AFFIRMED.**