**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY ADONIS MURPHY, | No. 16-15575 |
| Plaintiff-Appellant, | D.C. No. 1:12-cv-00309-LJO-JLT |
| v. | |
| KATHLEEN ALLISON, Warden; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted March 8, 2017**

Before: LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Gregory Adonis Murphy, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs. We have jurisdiction under 28

U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

Cir. 2004), and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment because Murphy failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his ear pain and hearing loss. *See id.* at 1057-60 (difference of opinion concerning course of treatment, medical malpractice, or negligence in diagnosing or treating a medical condition does not amount to deliberate indifference); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (supervisory liability under § 1983 requires "knowledge of and acquiescence in unconstitutional conduct" by subordinates).

The district court did not abuse its discretion by denying Murphy's motion to appoint counsel because Murphy did not demonstrate any exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

We reject as without merit Murphy's contention that he was held to a higher standard as a pro se litigant.

**AFFIRMED.**