**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 1 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES LEROY HERRINGTON, | No. 16-35802 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-01648-AC |
| v. | |
| S. HODGE, Medical Services Manager, S.R.C.I., et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding[**]

Submitted May 24, 2017[***]

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

James Leroy Herrington, an Oregon state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

deliberate indifference to a serious medical need.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we may affirm on any basis supported by the record, *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004).  We affirm.

Dismissal of Herrington's action was proper because Herrington failed to allege facts sufficient to show that defendants were deliberately indifferent to his broken foot.  *See Toguchi*, F.3d at 1057-60 (a prison official is deliberately indifferent only if he or she disregards an excessive risk to inmate health; a difference of opinion concerning the course of treatment, medical malpractice, or negligence in diagnosing or treating a medical condition does not amount to deliberate indifference).

The district court did not abuse its discretion by declining to consider Herrington's unauthenticated documents as evidence in opposition to the motion for summary judgment.  *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (setting forth standard of review and stating that "unauthenticated documents cannot be considered in a motion for summary judgment").

The district court did not abuse its discretion by denying Herrington's motions for appointment of counsel because Herrington did not demonstrate any

16-35802

exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth "exceptional circumstances" requirement for appointment of counsel).

We do not consider issues raised by Herrington in his brief that are not supported by argument. See *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992).

**AFFIRMED.**

16-35802