**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN L. FARRAR, | No. 16-35964 |
| Plaintiff-Appellant, | D.C. No. 6:15-cv-00618-KI |
| v. | |
| COLETTE PETERS, director of O.D.O.C.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Submitted September 21, 2017[**]

Before:    SCHROEDER, HAWKINS, and N.R. SMITH, Circuit Judges.

Oregon state prisoner Stephen L. Farrar appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging various

constitutional violations.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly granted summary judgment on Farrar's due process claims arising from his disciplinary proceedings because Farrar failed to raise a genuine dispute of material fact as to whether defendants afforded him all of the process that he was due. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (requirements of due process are satisfied if "some evidence" supports disciplinary decision); *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974) (setting forth due process requirements for prison disciplinary proceedings); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no constitutional entitlement to a specific administrative review procedure).

The district court properly granted summary judgment on Farrar's medical deliberate indifference claims arising from his mental health diagnosis, change in single cell status, and sciatic nerve pain because Farrar failed to raise a genuine dispute of material fact as to whether defendants knew of or disregarded an excessive risk to Farrar's health. *See Toguchi*, 391 F.3d at 1057-60 (prison officials are deliberately indifferent only if they know of and disregard an excessive risk to inmate health; negligence, or a difference of opinion regarding diagnosing or treating a medical condition, does not violate a prisoner's Eighth Amendment rights); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (requiring a showing of personal participation in the alleged rights deprivation).

16-35964

The district court properly granted summary judgment on Farrar's retaliation claims because Farrar failed to raise a genuine dispute of material fact as to whether defendant acted with retaliatory motive. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (setting forth elements of a retaliation claim in the prison context).

The district court did not abuse its discretion by denying Farrar's motions for appointment of counsel because Farrar did not demonstrate "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

The district court did not abuse its discretion by denying Farrar's motion for appointment of an expert witness because Farrar's claims were not so complex as to require an independent expert. *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1070-71 (9th Cir. 1999) (setting forth standard of review).

The district court did not abuse its discretion by denying Farrar's discovery requests because Farrar failed to show that the denial of discovery would result in actual and substantial prejudice. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and describing trial court's broad discretion to deny discovery).

16-35964

The district court did not abuse its discretion by denying Farrar's motion for a preliminary injunction because Farrar failed to establish that he is likely to suffer irreparable harm in the absence of such relief. *See Jackson v. City and County of San Francisco*, 746 F.3d 953, 958-59 (9th Cir. 2014) (setting forth standard of review and standard for issuance of a preliminary injunction).

It was not an abuse of discretion to deny leave to amend because amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (standard of review).

We reject as meritless Farrar's contentions regarding the Americans with Disabilities Act.

**AFFIRMED.**