**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BILAL AHDOM, | No. 17-17525 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-01623-DAD-GSA |
| v. | |
| C. ETCHEBEHERE; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted October 16, 2018[**]

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

California state prisoner Bilal Ahdom appeals pro se the district court's

summary judgment in Ahdom's 42 U.S.C. § 1983 action alleging that Associate

Warden Etchebehere implemented a policy that prevented Ahdom from

participating in Ramadan meals in violation of his First Amendment rights. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Jones v. Williams*, 791 F.3d 1023, 1030 (9th Cir. 2015).  We affirm.

The district court properly granted summary judgment because Ahdom failed to raise a triable dispute as to whether the policy at issue substantially burdened his right to religious exercise or was not reasonably related to legitimate penological interests.  *See id.* at 1031-32 ("A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion."; in the prison context, "[t]he challenged conduct 'is valid if it is reasonably related to legitimate penological interests'" (citation omitted)).

The district court did not abuse its discretion by denying Ahdom's request for appointment of counsel because Ahdom failed to demonstrate exceptional circumstances warranting such an appointment.  *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and explaining the "exceptional circumstances" requirement).

The district court did not abuse its discretion by denying Ahdom's request for appointment of an expert under Federal Rule of Evidence 706 because such an appointment was not necessary for the court to make its determination.  *See Armstrong v. Brown*, 768 F.3d 975, 987 (9th Cir. 2014) ("A Rule 706 expert

2

typically acts as an advisor to the court on complex scientific, medical, or technical matters."); *Walker v. Am. Home Shield Long Term Disability Plan,* 180 F.3d 1065, 1071 (9th Cir. 1999) (setting forth standard of review and explaining that the district court's decision to appoint a neutral expert witness under Rule 706 was "appropriate" where the court faced "confusing" and "contradictory evidence about an elusive and unknown disease").

**AFFIRMED.**