**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT C. WOODROFFE,<br><br>              Plaintiff-Appellant,<br><br>  v.<br><br>KULONGOSKI, Former Governor; MAX WILLIAMS; MICHAEL F. GOWER; BRIAN BELEQUE; WHITNEY DODSON; POLLY STUART; ZACH ERDSMAN; JOHN R. KROGER; MARY HAZEL WILLIAMS; DAVID E. LEIGH; KRISTINA MANELY; WALTER M. BEGLAU; BRANDON KELLY; G. LONG, Captain; JONES; DICKEY; DUREN; REDDING; MULLAN, Sgt.; ADAMSON, Corporal; HANNON, Correctional Officer; WEBBER, Correctional Officer; JANA RUSSELL; HELENE LINCHMAN; L. GAPFORD, Mister; CHRISTY HENNINGS; BRIAN ANDREW WALKER; MARK NOOTH; ROBERT REAL, Captain; AL HANNON; EASTWOOD; JEFF PREMO, Superintendent; DENISE PARKER; FRANK SERRANO; STAN CZERANIAK; GARTH GULICK, Doctor; SHIRLY HODGE; CARNING, Nurse; FLORES, Nurse; RANDY GEER; JUDY GILMORE; STEVE SHELTON, Doctor; BILL | No.    15-35447<br><br>D.C. No. 2:12-cv-00124-SI<br><br>MEMORANDUM<sup>*</sup> |

       <sup>*</sup>    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

DOMAN; STEVE SPRANG; M. ROSSI;
ROCHESTER, Ms.; WHEELER, Ms.;
FELTON,

            Defendants-Appellees.

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted December 14, 2018[**]

Before: FARRIS, TROTT, and TALLMAN, Circuit Judges.

Robert Woodroffe, a state prisoner, appeals pro se from the district court's summary judgment in his action brought under 42 U.S.C. § 1983 action alleging constitutional and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment for defendants on Woodroffe's medical deliberate indifference claim because Woodroffe failed to raise a genuine dispute of material fact as to whether these defendants were deliberately indifferent in the treatment of Woodroffe's serious medical needs. *See Toguchi*, 391 F.3d at 1057–60 (prison officials act with deliberate indifference only

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

if they know of and disregard an excessive risk to inmate health; a difference of opinion concerning the course of treatment, negligence in diagnosing or treating a medical condition, and medical malpractice do not amount to deliberate indifference).

We reject Woodroffe's contentions that defendants violated his due process. Procedural due process demands that "the findings of the prison disciplinary board are supported by some evidence in the record." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). The standard does not require an examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the only question is whether "any evidence in the record ... could support the conclusion reached by the disciplinary board." *Id*. at 455–56. Woodroffe's argument that defendants' evidence fails to meet the "some evidence" threshold is unavailing. The Supreme Court has held that when reviewing a prison disciplinary decision, this court should not independently assess the credibility of witnesses or reweigh the evidence. *Hill*, 472 U.S. at 455–56. The record of the hearing shows that the hearing officer considered all the evidence and rejected petitioner's exculpatory explanations as to the evidence presented. We find that "some evidence" supports the disciplinary measures imposed upon Woodroffe by the hearing officer. Therefore, we affirm.

The district court properly granted summary judgment on Woodroffe's

15-35447

retaliation claims because he failed to present evidence of retaliatory motive, or that his protected activities were chilled because of defendants' conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (listing elements of a First Amendment retaliation claim).

We review for an abuse of discretion a district court's denial of appointment of counsel, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), and we affirm. The district court did not abuse its discretion by denying Woodroffe's motions to appoint counsel because the case did not present exceptional circumstances. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (holding that "[a] finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved" (citation and internal quotation marks omitted)).

**AFFIRMED.**

15-35447