**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YURIE YAMANO,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>STATE OF HAWAII JUDICIARY; et al.,<br><br>    Defendants-Appellees. | No. 18-16359<br><br>D.C. No. 1:18-cv-00078-SOM-RLP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Submitted March 12, 2019[**]

Before: LEAVY, BEA, and N.R. SMITH, Circuit Judges.

 Yurie Yamano appeals pro se from the district court's judgment dismissing

her 42 U.S.C. § 1983 action alleging federal and state law claims. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal

Rules of Civil Procedure 12(b)(1) and 12(b)(6). *Davidson v. Kimberly–Clark*

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Corp.*, 889 F.3d 956, 963 (9th Cir. 2018).  We affirm.

The district court properly dismissed Yamano's claim against defendant State of Hawaii Judiciary because her claim is barred by the Eleventh Amendment.  *See Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (state courts are "arms of the state" entitled to Eleventh Amendment immunity); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity applies to states and their agencies or departments "regardless of the nature of the relief sought").

The district court properly dismissed Yamano's claims against defendants Kobayashi and Huang for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because Yamano's claims constitute a forbidden de facto appeal of a prior state court judgment.  *See Noel v. Hall*, 341 F.3d 1148, 1163-65 (9th Cir. 2003) (discussing proper application of the *Rooker-Feldman* doctrine); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because the relief sought "would require the district court to determine that the state court's decision was wrong and thus void").  Contrary to Yamano's contention, the extrinsic fraud exception to the *Rooker-Feldman* doctrine does not apply to her claims.

18-16359

The district court did not abuse its discretion by denying Yamano's motion to appoint counsel because Yamano was not proceeding in forma pauperis ("IFP"). *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and explaining that the court may under "exceptional circumstances" appoint pro bono counsel to civil litigants with IFP status).

The district court did not abuse its discretion by denying Yamano's request for appointment of a next friend because Yamano failed to demonstrate that a next friend was necessary to protect her interests. *See Davis v. Walker*, 745 F.3d 1303, 1310-11 (9th Cir. 2014) (setting forth standard of review and discussing the limited nature of next friend standing).

We reject as without merit Yamano's contention regarding judicial bias.

**AFFIRMED.**

18-16359