**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES JAMIL GARRETT, Plaintiff-Appellant, v. NGOZI IGBINOSA, Medical Department, CSATF, Defendant-Appellee. | No. 19-15552 D.C. No. 1:16-cv-00259-LJO-JDP MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted January 8, 2020**

Before: CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

California state prisoner James Jamil Garrett appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs and retaliation. We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Garrett's deliberate indifference claim because Garrett failed to raise a genuine dispute of material fact as to whether Dr. Igbinosa was deliberately indifferent to Garrett's Valley Fever and pain and mobility issues by continuing to prescribe fluconazole. *See id.* at 1060-61 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court properly granted summary judgment on Garrett's retaliation claim because Garrett failed to raise a genuine dispute of material fact as to whether Dr. Igbinosa's medical treatment constituted an adverse action. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (setting forth elements of a retaliation claim in the prison context).

The district court did not abuse its discretion by denying Garrett's motions for appointment of counsel because Garrett failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for

appointment of counsel).

**AFFIRMED.**