**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES AUSTIN,<br><br>     Plaintiff-Appellant,<br><br> v.<br><br>R. WALKER, CP&S, R.J. Donovan Prison;<br>et al.,<br><br>     Defendants-Appellees. | No. 18-56082<br><br>D.C. No. 3:16-cv-02088-CAB-JLB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted April 7, 2020**

Before: TASHIMA, BYBEE, and WATFORD, Circuit Judges.

James Austin, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs. We have jurisdiction under 28 U.S.C.

§ 1291. We review for an abuse of discretion the district court's case management

---

\*  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

decisions, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002), and we affirm.

The district court did not abuse its discretion in granting an extension of time for defendants to file their summary judgment motion even after the deadline for such filing, provided in the scheduling order, had passed, because defendants showed excusable neglect sufficient to grant relief. *See In re Veritas Software Corp Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007) (excusable neglect test applies to requests for extension after deadline has passed under Federal Rule of Civil Procedure 6(b)(1)(B)); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-25 (9th Cir. 2000) (concluding there was excusable neglect sufficient to grant relief from judgment where prejudice, "length of delay, and its potential impact on the judicial proceedings, was [] minimal," even if the reason for delay was "weak"). Conversely, the district court did not abuse its discretion in denying Austin's third motion to extend the time to file his opposition motion because there was no good cause for another extension. *See* Fed. R. Civ. P. 6(b)(1); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010).

The district court did not abuse its discretion in denying Austin's requests to reopen the discovery period because Austin did not diligently pursue discovery when it was open or show how allowing additional discovery would preclude summary judgment. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018,

1026 (9th Cir. 2006).

The district court did not abuse its discretion in denying Austin's request for appointment of a third pro bono attorney because no trial date was set and Austin failed to show a likelihood of success on the merits or difficulty articulating his claims. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Because Austin failed to challenge the content or conclusions of the district court's summary judgment order in his opening brief, Austin has waived his challenge to the order. *See Acosta–Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are abandoned).

Austin's motion for appointment of counsel and leave to perfect the appeal (Docket Entry No. 23) and motion for judicial notice (Docket Entry No. 12) are denied.

**AFFIRMED.**

18-56082