NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMUEL MARTINEZ, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> SALVADOR VILLALON, M.D.; et al., <br><br> Defendants-Appellees. | No.  17-56669 <br><br> D.C. No. <br> 5:13-cv-01064-DMG-DFM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted June 16, 2020[**]

Before:     GOODWIN, SCHROEDER, and N.R. SMITH, Circuit Judges.

Samuel Martinez, a federal prisoner, appeals pro se the district court's

summary judgment and dismissal for failure to state a claim in Martinez's action

brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of*

*Narcotics*, 403 U.S. 388 (1971), alleging that prison medical officers were

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. We review de novo. *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016) (summary judgment); *Doughtery v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011) (dismissal for failure to state a claim). We affirm.

1.     The district court properly granted summary judgment on Martinez's claims alleging that Castillo, Gepulle, Deveza, and Villalon denied him adequate medical care because Martinez failed to raise a genuine dispute of material fact as to whether these defendants acted with deliberate indifference. *See Edmo v. Corizon, Inc.*, 935 F.3d 757, 766, 785-86 (9th Cir. 2019) (per curiam) (requirements of an Eighth Amendment claim for inadequate medical care, including deliberate indifference to a serious medical need); *Hamby*, 821 F.3d at 1092 ("deliberate indifference is a high legal standard"; "[a] showing of medical malpractice or negligence is insufficient").

2.     The district court properly granted summary judgment on Martinez's claim alleging that Deveza tricked him into withdrawing a grievance because Martinez failed to exhaust administrative remedies concerning this claim. *See Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015) (prisoner must "exhaust 'such administrative remedies as are available' prior to bringing an action in federal court" (citing 42 U.S.C. § 1997e(a)).

3.     The district court properly dismissed Martinez's claims against Blair,

Martinez, and Ortiz because Martinez made no specific allegations against these defendants in the Second Amended Complaint ("SAC"). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

4.     The district court properly dismissed Martinez's claims alleging that Elevazo and Gulani denied him adequate medical care because Martinez failed to allege facts in the SAC showing that either defendant acted with deliberate indifference. *See Edmo*, 935 F.3d at 766, 785-86.

5.     The district court did not abuse its discretion in dismissing the claims in the SAC without leave to amend because Martinez failed to cure the complaint's deficiencies despite the district court's specific instructions about how to do so. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (standard of review; leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of S.F.*, 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

6.     The district court did not abuse its discretion in denying Martinez's untimely discovery requests. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (district court has broad discretion to permit or deny discovery, and a

3

ruling denying discovery will not be disturbed absent the clearest showing of actual and substantial prejudice).

7. The district court did not abuse its discretion in denying Martinez's request for appointment of counsel because Martinez failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (standard of review; explaining the "exceptional circumstances" requirement).

**AFFIRMED.**