NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 22 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAWRENCE WALLACE, | No. 18-56671 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 5:16-cv-02046-MWF-SS |
| A. GARIBAY, Correctional Officer; BUNSOLD, Correctional Officer, official capacity; WILLIAMS, Lieutenant, in their Official capacity, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted July 20, 2020**

Before: O'SCANNLAIN, TROTT, and N.R. SMITH, Circuit Judges.

Lawrence Wallace appeals from the district court's grant of summary

judgment to Correctional Officers Alfredo Garibay and James Bunsold. The facts

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

are known to the parties, so we do not repeat them here.

The district court correctly determined that there were no genuine issues of material fact because the record evidence—including video evidence and medical examinations—flatly contradicts Wallace's claims of sexual assault and other injuries. *See Scott v. Harris*, 550 U.S. 372, 380 (2007); *Vos v. City of Newport Beach*, 892 F.3d 1024, 1028 (9th Cir. 2018). Moreover, the record evidence shows that the application of force was necessary because Wallace resisted a search; the amount of force used was reasonably necessary to complete the search; the corrections officers reasonably perceived a threat from Wallace; and the officers tempered the severity of their forceful response by escalating only when Wallace resisted and by ensuring that Wallace received a medical examination after the search. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Accordingly, the district court did not err in granting Garibay and Bunsold's motion for summary judgment.

Wallace also argues that the district court abused its discretion by denying his multiple requests for appointment of counsel. The district court concluded that, because the factual and legal issues were not unusually complex and because Wallace had the ability to articulate his claims without the assistance of counsel, this case did not present any exceptional circumstances requiring the appointment of counsel. Such decision was not an abuse of discretion. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Finally, Wallace lists "obstruction of [j]ustice" as an issue that he wishes to raise. Because such issue was never raised before the district court, we will not consider it for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Wallace's pending motions (Docket Entry Nos. 22, 24, and 33) are DENIED.

**AFFIRMED.**