NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 18 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN ALLEN,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>S. RIMBACH; et al.,<br><br>    Defendants-Appellees. | No. 21-15203<br><br>D.C. No. 1:18-cv-01653-DAD-SAB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted October 12, 2021[**]

Before: TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

California state prisoner Kevin Allen appeals pro se from the district court's

summary judgment in his discrimination action alleging violations of Title II of the

Americans with Disabilities Act ("ADA"). We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo. *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1063 (9th Cir. 2005). We affirm.

The district court properly granted summary judgment because, assuming without deciding that Allen has dyslexia and is disabled under the ADA, Allen failed to raise a genuine dispute of material fact as to whether the prison discriminated against him because of his dyslexia. *See Updike v. Multnomah County*, 870 F.3d 939, 949-51 (9th Cir. 2017) (setting forth elements of a Title II ADA claim).

The district court did not abuse its discretion by denying Allen's motions for appointment of counsel because Allen failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

Allen's request for appointment of counsel, set forth in the opening brief, is denied.

**AFFIRMED.**