NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN ALLEN, | No. 20-17479 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-01187-DAD-GSA |
| v. | |
| V. BENTACOURT; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted March 1, 2023**

Before HAWKINS, S.R. THOMAS and McKEOWN, Circuit Judges:

California state prisoner Kevin Allen appeals pro se the judgment dismissing his 42 U.S.C. § 1983 action alleging an Eighth Amendment conditions-of-confinement claim. We have jurisdiction under 28 U.S.C. § 1291. We construe Allen's post-decision filings as notification to the district court of his intent to stand

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

on his first amended complaint ("FAC"), *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063–65 (9th Cir. 2004), and review the dismissal of the FAC for failure to state a claim de novo, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).[1] We affirm in part, reverse in part, and remand.

Allen's conditions-of-confinement claim against defendants John Does Numbers 1 through 4 were properly dismissed because Allen failed to allege facts sufficient to show that these defendants were deliberately indifferent to his health and safety. *See Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010) (explaining that although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Johnson v. Lewis*, 217 F.3d 726, 731, 734 (9th Cir. 2000) (setting forth the elements of an Eighth Amendment conditions-of-confinement claim).

Nor was there an abuse of discretion in denying Allen's motions for appointment of counsel because Allen failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth the standard of review and "exceptional circumstances" requirement). As the

---

[1] The district court dismissed the FAC for failure to state a claim and instructed Allen to file an amended complaint within thirty days. It failed to notify Allen that he could elect to stand on his FAC. Nonetheless, Allen pro se filed a motion following the decision that indicated a desire to stand on the complaint and requesting the ability to appeal immediately because he believed the FAC had stated a claim. Plaintiff's "decision to forego amending [his] complaint was perfectly proper," *Edwards*, 356 F.3d at 1063, and should have been construed as such.

district court noted, Allen's conditions-of-confinement claim was not complex, and he appeared able to adequately articulate his claims.

The district court did, however, err by dismissing Allen's conditions-of-confinement claim against defendants Bentacourt, Ochoa, Sandaval, and Valdovinos. Allen alleged that the toilet in his cell clogged and overflowed feces and urine in his cell for a period of seven days, and that these defendants failed to adequately address the sanitation issue, thereby exhibiting deliberate indifference. As alleged in the complaint, the toilet became clogged on January 23 and Allen made numerous complaints about the smell and lack of a working toilet for the next several days. The prison grievance and appeal records indicate a work order was not filed until January 29, and that a plumber resolved the problem the same day.[2]

As the district court noted, "the odor, unsanitary conditions, and risk posed by raw sewage is obvious" and "the more basic the need, the shorter the time it can be withheld." However, the court concluded that the defendants were not deliberately indifferent to the situation because they "submitted a work order, made follow-up phone calls, provided the inmates with a mop, attempted to find an empty cell available for Plaintiff and his cell mate, and offered showers to the inmates." This

---

[2] The grievance appeals also mention a toilet work order on January 18, but this was prior to and apparently unrelated to the event alleged by Allen in the complaint on January 23.

20-17479

conclusion appears to come from statements in the complaint in which Allen relates that the defendants *told* him they were filing a work order or going to make a follow-up call; however, the prison grievance records attached to the complaint clearly reflect that no work order or other action was taken until January 29, which is consistent with Allen's allegations that he lived in squalor for a week until something was done.

Allen's allegations are "sufficient to warrant ordering [defendants] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *see Johnson*, 217 F.3d at 731, 734; *Anderson v. County of Kern*, 45 F.3d 1310, 1314–15 (9th Cir. 1995) (subjecting a prisoner to a lack of sanitation can constitute an Eighth Amendment violation). We therefore reverse the district court's dismissal of Allen's conditions-of-confinement claim against defendants Bentacourt, Ochoa, Sandaval, and Valdovinos, and remand for further proceedings as to these defendants only.

Allen's motion to notify the court of new authority (Docket Entry No. 7) is granted. Allen's motion to appoint counsel (Docket Entry No. 7) is denied.

**AFFIRMED in part; REVERSED in part; and REMANDED.** Appellees shall bear the costs on appeal.