NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CONRAD CESAR NEVAREZ, | No. 23-1360 |
| Plaintiff - Appellant, | D.C. No. 1:23-cv-00071-BLW |
| v. | MEMORANDUM* |
| Honorable MICHAEL DEAN, Magistrate Judge, | |
| Defendant - Appellee. | |

Appeal from the United States District Court for the
District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted October 16, 2024**

Before:    SILVERMAN, R. NELSON, and MILLER, Circuit Judges.

Former Idaho state prisoner Conrad Cesar Nevarez appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action relating to state

court proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Nevarez's action because Nevarez's claims are barred by judicial immunity. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (describing factors relevant of whether an act is judicial in nature and subject to absolute judicial immunity).

The district court did not abuse its discretion by denying Nevarez's request for leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper where amendment would be futile); *see also Cooper v. Ramos*, 704 F.3d 772, 777-79 (9th Cir. 2012) (explaining that the *Rooker-Feldman* doctrine bars a district court from exercising jurisdiction over a "de facto" appeal of a state court decision).

The district court did not abuse its discretion by denying Nevarez's request for appointment counsel because Nevarez failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement).

All pending motions and requests are denied.

**AFFIRMED.**